# In the United States Court of Federal Claims

No. 26-301
Filed: April 2, 2026[†]
Reissued: April 13, 2026

|  |  |
|---|---|
| **GLOBAL CONNECTIONS TO EMPLOYMENT, INC.,** | |
| *Plaintiff,* | |
| **v.** | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

## ORDER

Zealous advocacy does not license gamesmanship. At 5:03 PM on March 30, 2026, the day the Administrative Record was due in this matter, (*see* Sched. Order, ECF No. 23), the Government filed a Motion to Stay Proceedings Pending an Agency Administrative Decision, (Mot. to Stay, ECF No. 26). According to the Government, the Defense Counterintelligence and Security Agency ("DCSA") submitted a request to the AbilityOne Commission Ombudsman (the "Ombudsman") seeking a ruling on the services at issue in this bid protest. (Mot. to Stay at 2). That request was submitted on March 3, 2026, *twenty-seven days prior to the Government's last-minute untimely motion to stay*. (*Id.*).

In plain language, there is no readily apparent excuse for the Government waiting until after normal business hours on the last possible day to seek leave from the Court to blow past the deadline for filing the Administrative Record, thereby disrupting *every* subsequent deadline. In addition, the Government seeks to leverage the Ombudsman's forthcoming decision into a sixty-five day stay, none of it attributable to a request for remand, nor with the assent of Plaintiff. In sum, the Government ignored the Court's scheduling Order, granted itself an enlargement, and disrupted the long-held standard that bid protests are resolved on an expedited basis. This conduct is unsupportable.

Plaintiff characterizes the Government's untimely Motion as "disingenuous" and "inappropriate[.]" (Pl.'s Resp. at 6, ECF No. 27). The Court agrees. Such blatant circumvention of Court-ordered deadlines is inexcusable. The Government's eleventh-hour filing, presented

---

[†] This Order was originally issued under seal, (ECF No. 28), and the parties were directed to file a notice of redactions consistent with the Court's instructions. That notice was filed on April 9, 2026, and the parties indicated that no redactions were required. (ECF No. 40).

under the guise of diligence and judicial "economy[,]" (*see* Mot. to Stay at 3), is nothing more than an attempt to run out the clock. Twenty-seven days elapsed between DCSA's submission to the Ombudsman and the Government's Motion. (*Id.*). The Government had ample time to file its Motion to Stay and ample time to file its Administrative Record. This is to say nothing of the fact that the dates in question were *jointly* proposed by counsel in an e-mail to Chambers. And yet, the Government chose to completely disregard the Court's Order adopting the parties' proposed schedule in full. In any proceeding, the Court expects respect for opposing counsel and fidelity to the procedural rules that make fair litigation possible. The Government's conduct has fallen short of both obligations.

Therefore, the Government's Motion to Stay is **DENIED**. The Administrative Record **SHALL** be filed no later than **4:00 PM (ET) on Friday, April 3, 2026**. Accordingly, the briefing schedule in this matter is amended to the following:

| Event | Deadline |
| --- | --- |
| Administrative Record | April 3, 2026 |
| Plaintiff's Motion for Judgment on the Administrative Record | April 17, 2026 |
| Defendant's Response Brief/Cross-Motion | April 28, 2026 |
| Plaintiff's Reply/Response Brief | Mary 4, 2026 |
| Defendant's Reply Brief | May 11, 2026 |
| Joint Appendix | May 18, 2026 |

Furthermore, due to the Government's flagrant and unapologetic disregard for this Court's Order and opposing counsel's time, the Government is **ORDERED** to **SHOW CAUSE** as to why it should not bear the reasonable costs associated with drafting and submitting Plaintiff's Response, (Pl.'s Resp.). The Government's response is due by **Monday, April 6, 2026, at 4:00 PM (ET)**, and **SHALL** be signed by both defense counsel and their supervisor. Correspondingly, Plaintiff is **ORDERED** to submit a report certifying the reasonable costs incurred in the drafting and filing of their Response, (Pl.'s Resp.), to the Court by **Monday, April 6, 2026, at 4:00 PM (ET)**.

Finally, parties are **ORDERED** to submit their proposed redactions to this Order by **Thursday, April 9, 2026**, so that it may be published.

**IT IS SO ORDERED.**



s/      David A. Tapp
DAVID A. TAPP, Judge

2